elapsed since the appeal, as damages for the delay and vexation caused by such appeal; to be ascertained by a master under the direction of the vice chancellor. Proceedings remitted to vice chancellor.

*Alvan Stewart et al.* v. *David Burt et al.* A. STEWART, for complainants; E. G. SPAULDING and J. RHOADES, for defendant Burt. Application by defendant Burt to open the order closing proofs so far as to allow him to examine A. Palmer as a witness, denied with costs to be taxed.

*John Garrison* v. *George W. Travis et al.* T. NELSON, for appellant. (Heard exparte.) That part of the order of the vice chancellor of the second circuit which is appealed from, reversed with costs to be paid by committee of Travis out of the funds in his hands as such committee. Proceedings remitted to vice chancellor.

*Nancy Ann Bell* v. *John A. Bell.* H. V. D. VAN EPPS, for complainant. Decree for divorce, on the ground of adultery; with liberty to complainant to apply to the court from time to time, on the foot of the decree, for an allowance for alimony and for the support of minor children. Complainant to have the care and custody of the minor children.

*Nathan T. Higbie* v. *Fernando C. Brown.* J. LANSING, for complainant; C. STEVENS, for defendant. The court decided that where a defendant has submitted to the exceptions to his first answer, or the same have been allowed by the master, upon a reference thereof, it is too late for him, upon a reference of a second or third answer upon those exceptions, to insist that the original exceptions were not well taken, and that the further discovery called for is immaterial. *Effects of submitting to exceptions to answer, or the allowance thereof.*

That the principle of the cases of *Candler* v. *Pettit* (1 *Paige's Rep.* 427,) and of *Franklin* v. *Keeler* (4 *Idem* 382,) that if one general exception is taken to a master's report on exceptions and the court is of opinion that the master was right in allowing either of the exceptions, the exception to his report will be overruled—applied to the case of a second answer referred upon reversal of the original exceptions. *Exceptions to master's report on a reference of a second answer on the old exceptions.*

That a defendant may indeed take one general exception to the master's report, so far as it is against him, and thus com-

pel the court to look into the whole matter embraced in that part of the report. But that he does it at his peril if it is found that his exception covers too much.

Exception to master's report overruled with costs; and defendant directed to pay those costs, including costs of the order nisi to confirm the master's report, within twenty days, or bill to be taken as confessed. An attachment ordered to issue against defendant for his contempt in not fully answering; and upon the return thereof defendant ordered to be examined upon interrogatories before the master, and to be committed until he shall have answered the interrogatories, and paid the costs.

Practice where a third answer is reported insufficient. The chancellor decided that the complainant is not entitled, in a case like the present, to an order to commit the defendant, and that he answer the interrogatories, in the first instance. But that he must wait until the time for excepting to the report has expired, or until the decision of the court upon the exceptions thereto, and then proceed by attachment to bring the defendant into court to answer for the contempt, before he can obtain the order for commitment of the defendant until he shall have answered the interrogatories before the master and paid the costs of the proceeding to obtain such examination.

The usual order under the 64th rule, directed. But defendant being a non-resident of the state he is to be allowed four months after notice to his solicitor of the issuing of the attachment to sheriff of the county of Albany, to surrender himself, thereon. And attachment to be made returnable at some regular motion day within two months after the expiration of the four months. With leave to defendant to apply to court to extend the time, or to dispense with his personal attendance, and to permit him to put in written answers to the interrogatories. Or, if complainant consents to dispense with defendant's personal examination and to permit him to answer the interrogatories in writing and upon oath to be taken where defendant resides, then the order to direct the defendant to answer to the master's satisfaction; the interrogatories to be settled by the master, within two months after

service of a copy thereof as settled, and pay the costs; or that the bill be taken as confessed.

*The New York Life Insurance and Trust Company* v. James *Milnor, Jun. et al.* J. RHOADES, for defendant Grant; O. CLARK, for Martindale, Sprague and Conger. Application by defendant Grant for a rehearing, or a modification of the decree of sale of the mortgaged premises, or for a review and correction of the decision of the master charged with the sale, as to the order in which the several parcels should be under the decree.

*Form of decree of foreclosure where separate parcels have been sold or incumbered by mortgagor subsequent to date of complainant's mortgage.*

The court stated it to be a matter of course, upon a mere suggestion at the time of making a decree of foreclosure and sale, that separate portions of the mortgaged premises are held by different persons under conveyances or mortgages subsequent to the mortgage of the complainant, to insert such a provision in the decree as will enable the master to sell in such a manner as to protect the equitable rights of the defendants respectively. That the usual provision inserted in the decree, in such cases, is, " that if it shall appear to the master who is to make the sale that separate parcels of the mortgaged premises have been conveyed or incumbered by the mortgagor or those claiming under him, subsequent to the lien of the complainant's mortgage, he shall sell the premises in parcels in the inverse order of alienation, *according to the equitable rights of the parties as such subsequent grantees or incumbrancers, as such rights shall appear to the master.*"

That under a decree thus drawn if the grantee of a portion of the premises was, by virtue of his conveyance, entitled to a right of way or other easement in the residue of the premises which belonged to the grantor subsequent to such conveyance, it would be a matter of course for the master to sell such residue subject to such right of way or other easement in favor of the owner or purchaser of the dominant tenement, and his heirs and assigns.

Decided that if a man conveys to another a piece of land surrounded by other lands of the grantor, the grantee and those claiming under him have a right of way of necessity through such other lands of the grantor, as incident to the

*Right of way of necessity.*